12 of the Tax Law as then in effect. The Appellate Division held that in determining the " surplus profits or reserve funds," the assets of the corporation which are not taxable in this state should not be included, but that the net assets, not exempt, including surplus exceeding ten per cent of the par value of its capital, should be assessed at its actual value subject to deductions specified in the section, namely, the assessed value of its real estate and also all shares of stock in other corporations actually owned by the company which are taxable upon their capital stock under the laws of this state.

*William O. Gantz, George W. Tucker* and *Madison Grant* for appellant.

*William P. Burr, Corporation Counsel* (*William H. King* and *Max Salomon* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: CHASE, HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ELKUS, JJ. Not voting: HISCOCK, Ch. J.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIMMS MAGNETO COMPANY, Appellant, *v.* LAWSON PURDY et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

*Tax — assessment of corporate capital stock.*

*People ex rel. Simms Magneto Co.* v. *Purdy*, 189 App. Div. 134, affirmed.

(Argued April 14, 1920; decided May 4, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 12, 1919, which reversed on certiorari an order of Special Term vacating and canceling an assessment for purposes of taxation upon the personal property of the relator for the year 1917 and confirmed said assessment. The assessment was levied pursuant to section 12 of the Tax Law as then in effect. The Appellate Division held that in determining the " surplus profits or reserve funds," the assets of the corporation which are not taxable in this state should not be included, but that the net

assets, not exempt, of every company, including surplus exceeding ten per cent of the par value of its capital, should be assessed at its actual value, subject to deductions specified in the section, namely, the assessed value of its real estate and also all shares of stock in other corporations actually owned by the company which are taxable upon their capital stock under the laws of this state.

*Curtis A. Peters* and *Herman Goldman* for appellant.

*William P. Burr, Corporation Counsel (William H. King* and *Max Salomon* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN, CRANE and ELKUS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL NOBLE, Appellant, *v.* JOHN F. HYLAN et al., Composing the Board of Estimate and Apportionment of the City of New York, Respondents.

*Appeal — unanimous affirmance by Appellate Division of order denying motion for mandamus.*

*People ex rel. Noble* v. *Hylan,* 185 App. Div. 896, appeal dismissed.
(Submitted April 14, 1920; decided May 4, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 31, 1918, which unanimously affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the board of estimate and apportionment of the city of New York to fix the compensation for services performed and to be performed by relator (surrogate of Queens county) in connection with the drawing of jurors. Respondents contended that the order of the Appellate Division being unanimous, no constitutional question being involved and permission to appeal not having been obtained, the appeal should be dismissed.

*George E. Cogswell* for appellant.

*William P. Burr, Corporation Counsel (John F. O'Brien, William E. C. Mayer* and *John Lehman* of counsel), for respondents.